UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **RICHARD WAGNER**, | )<br>) |
| Plaintiff, | ) Case No. 1:24-cv-1463 |
| v. | )<br>) |
| **DOST, INC an Ohio for profit Company** | ) Judge:<br>)<br>) |
| And | )<br>)<br>) |
| **El PINO SOLO, LLC an Ohio Limited Liability Company** | |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **RICHARD WAGNER**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendants **DOST, INC., an Ohio for profit Company** and **El PINO SOLO, LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venues are proper in the Northern District of Ohio as venues lie in the judicial district of the property *situs*. The Defendant's properties and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner ("Plaintiff" or "Mr. Wagner") is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant, Dost, Inc, owns and/or operates the Travelodge Hotel, which is a hotel located at 90 W Hanley Rd, Mansfield, OH 44903 located in

Richland County and it owns and/or operates a restaurant located at 80 W Hanley Rd, Mansfield, OH 44903 located in Richland County and on the same parcel of land it owns as the Travelodge hotel.

6. The Defendant, El Pino Solo, LLC, owns and/or operates the El Charrito, which is a restaurant located at 80 W Hanley Rd, Mansfield, OH 44903 located in Richland County.

7. Upon information and belief, the hotel and restaurant owned or operated by the Defendants, Dost, Inc., and El Pino Solo, LLC, are non-compliant with the remedial provisions of the ADA. As the Defendants either own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendants' hotel and restaurant are both a place of public accommodation. Defendants' properties and businesses fail to comply with the ADA and its regulations, as also described further herein.

8. Mr. Wagner is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Wagner is a Delaware County, Ohio resident and a race car enthusiast. He competes as a licensed competition driver with the National Auto Sport Association (NASA) throughout the Great Lakes Region and beyond. Mr. Wagner has been driving two to three times annually (and in some seasons more) at the Mid-Ohio Race Complex located in Lexington, OH every year since 2012. He was there last in April 2024. May 2024 and August 2024.

10. Mr. Wagner made a reservation by telephone for the two nights of May 24, 2024 and May 25, 2024. Mr. Wagner's reservation was for a mobility accessible guest room with a roll-in shower. Mr. Wagner appeared for his reservation on the specified date but was provided a standard guest room and not the mobility accessible guest room he has reserved by telephone.

11. Mr. Wagner was advised by hotel staff that the hotel's accessible guest room was being occupied and a guest has been living in it for several months.

12. Mr. Wagner was a restaurant customer of the El Charrito restaurant on July 10, 2024.

13. The Plaintiff has encountered architectural barriers at the subject properties. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

14. Plaintiff plans to return to the property a restaurant customer and as a hotel overnight guest while in Lexington competing at a NASA event, and he plans

to return to the property to avail himself of the goods and services offered to the public at the properties. The Plaintiff has encountered architectural barriers at the subject's properties. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

15. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's

individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

16. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these properties as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

17. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

18. The Defendants have discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

19. A preliminary inspection of the Travelodge Hotel and El Charrito Restaurant including its facilities, have shown that many violations of the ADA exist. These violations include, but are not limited to:

**Travelodge Hotel**

Parking and Accessible Routes

A. In the parking lot, where there are more than 100 parking spaces, there are no standard or van designated accessible parking spaces being provided anywhere on the hotel's property whatsoever, this includes no designated accessible parking serving the registration office or any hotel guest rooms, in violation of the ADA section 208.2 and 208.2.4of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or at minimum is readily achievable.

B. In the parking lot, there is no accessible route from parking to the hotel's lobby/main entrance, in violation of the ADA section 208.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.2, whose remedy is strictly required or at minimum is readily achievable.

Access to Goods and Services

C. At the hotel office, the registration counter exceeds 36 inches in height above the finish floor and there is no lower transaction counter provided, in violation of the ADA section 904.4 of the 2010 Standards and 1991 ADAAG section: 7.2(1), whose remedy is strictly required or at minimum is readily achievable.

D. At the hotel office and entrances, the floor mats are not secured in place, in violation of the ADA section 302.2 of the 2010 Standards and 1991 ADAAG section 4.5.3 whose remedy is strictly required or at minimum is readily achievable.

E. Within the dining area there are no accessible dining surfaces, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.32.3, whose remedy is strictly required or at minimum is readily achievable.

F. In the laundry room, the washers are not accessible as the operable part are out of reach range, in violation of the ADA sections 611.3 and 611.4 of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is readily achievable.

G. In the laundry room, the washers and dryers do not offer the required clear floor space of 30" minimum by 48" minimum due to the placement of a

chair, the fixed A/C unit and the dryer doors opening direction, in violation of the ADA sections 611.3 and 305 of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is readily achievable.

Mobility Accessible Guestrooms Generally

H.  Upon belief, the Travelodge Hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers standard guest rooms with 1 1Queen bed, 2 Queen beds and 2 Double Beds room classes.  These rooms and and rooms offering are available only to able bodied guests. However, guests who require accessible accommodations are accessible rooms are not available. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

I.  Upon information and belief, the Travelodge Hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 87 guestrooms such as this Travelodge, it is required to have four guestrooms equipped with mobility features without a roll-in shower and one equipped with a roll-in shower, totaling five guestrooms.  The plaintiff believes this property has no mobility accessible guestrooms at all.  This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

Website

J.      Upon information and belief, the Travelodge hotel's website, does not permit individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, in violation of 28 CFR § 36.302(E)(1)(i).

K.      Upon information and belief, the Travelodge hotel's website does not identify or describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

L.      Mr. Wagner's reserved mobility accessible guestroom was given away to another customer. Guests who require an accessible transient lodging guestroom and have made a reservation, this room shall not be given to another guest, in violation of 28 CFR § 36.302(E)(1)(v) which guarantees that an individual with disabilities who requires the specific accessible guest room reserved through the hotel's reservations service, that room is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

**El Charrito Restaurant**

Parking and Accessible Routes

M.    In the parking lot, the marked accessible parking spaces are missing the required access aisles, in violation of the ADA section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is readily achievable.

N.    In the parking lot, the existing marked accessible parking spaces are missing the signs identifying the space as "Accessible Parking", in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

O.    In the parking lot, there are no Van Accessible parking spaces or signs identifying "van accessible" parking, in violation of the ADA section 208.2.4 and 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

Restrooms

P.    There is no accessible route in the facility that leads to the restroom's and precluded the Plaintiff's access, in violation of the ADA section 213.1 of the

      2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is readily achievable.

Q.    Upon information and belief, the restaurant's restrooms contain additional barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable. A survey of the restrooms is necessary for verification of Plaintiff's belief.

<u>Defendants' Policies and Procedures</u>

R.    The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

S.    The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

20.    The discriminatory violations described in Paragraph 19 by the Defendant's Dost, Inc., and El Pino Solo, LLC are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' places of public accommodation, facilities and operations in order to determine, photograph and measure all of the discriminatory acts,

barriers to access and areas of non-compliance with the Americans with Disabilities Act. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The hotel at issue, as owned and operated by Dost, Inc. and the restaurant owned and operated by Dost, Inc. and El Pino Solo, LLC constitute public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

23. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the website on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless

and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

24. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

25. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant's to make such compulsory alterations or at minimum readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. §4112.01 et seq.

26. Plaintiff restates the allegations of ¶¶1-25 as if fully rewritten here.

27. The Defendants Dost, Inc. and El Pino Solo, LLC, operate or owns a "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

28. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Defendants' properties and website are replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel and restaurant's amenities and ability to navigate the property. Defendant Dost, Inc.'s unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom or to use the restroom within the Defendants Dost, Inc. and El Pino Solo, LLC's restaurant.

29. The Defendants' acts are willful, severe and ongoing.

30. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant's to make all compulsory alterations or at minimum readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant's to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

              Respectfully Submitted,

              /s/ Owen B Dunn Jr.
              Owen B. Dunn, Jr., Esq. 0074743
              Law Offices of Owen Dunn, Jr.
              The Offices of Unit C
              6800 Central Ave., Suite C-1
              Toledo, OH 43617
              (419) 241-9661 – Phone
              (419) 241-9737 – Facsimile
              Monroe, MI (734) 240-0848
              obdjr@owendunnlaw.com
               Counsel for Plaintiff Richard Wagner